UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 10-18-GWU

ROGER LEE LOVELESS, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

1

    3.       The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

    4.       At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

    5.       If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

    Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

4

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance

on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Roger Lee Loveless, was found by an Administrative Law Judge (ALJ) to have a "severe" impairment consisting of being status post recurrent ventral hernia with multiple surgical repairs. (Tr. 11). Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that Mr. Loveless retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits. (Tr. 13-16). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether a person of the plaintiff's age of 51, eleventh grade education, and unskilled work experience could perform any jobs if he were limited to "light" level exertion and also had the following non-exertional limitations. He: (1) could not climb ladders, ropes, or scaffolds; (2) could occasionally climb ramps or stairs; (3) had to avoid any kind of stretching of the abdominal area; and (4) could only occasionally reach overhead with either arm. (Tr. 47-8). The VE responded that there were jobs that such a person could perform, and proceeded to give the numbers in which they existed in the state and national economies.

On appeal, this court must determine whether the hypothetical factors selected by the ALJ are supported by substantial evidence, and that they fairly depict the plaintiff's condition.  In the present case, although the plaintiff has a physical problem, he failed to show that it was disabling.

Mr. Loveless alleged disability beginning February 6, 2007 due to being hernia-prone, and because exploratory investigation had shown diverticulitis, causing a portion of his colon to be removed and requiring him to wear a colostomy bag "for about six weeks."  (Tr. 119).  However, the colostomy bag had been removed by the time he filed his application (Tr. 123), and he did not cite this as a limiting factor in his hearing testimony.  Mr. Loveless did testify that he had several surgeries for hernias in 2007, and they had not been properly repaired.  (Tr. 36-7).  His treating physician, Dr. Brown, had told him that he needed more surgery, but he could not afford it.  (Tr. 40).  He was afraid of his repaired hernias rupturing if he returned to work, but admitted that they had not done so.  (Tr. 42).  He believed that he had been told not to lift more than 20 pounds and to watch his weight, but was not aware of any other restrictions placed by a physician.  (Tr. 37, 39).  In terms of daily activities, Mr. Brown stated that he liked to throw horseshoes occasionally, and did shopping, laundry, and cleaning with his 19-year-old son.  (Tr. 37).  He had no difficulty sitting or standing, although it bothered him to walk uphill.  (Tr. 38).

A neighbor, Della McKee, testified that she saw Mr. Loveless almost every day, and although he used to be a "non-stop worker," almost any activity now would cause pain and cramping, which would sometimes "put him down" for two or three days. (Tr. 44-5). By contrast, the plaintiff stated on a questionnaire completed in October, 2007 that "pain does not really affect activities," that it lasted for a minute or two one or two times a week, and his only medication was aspirin. (Tr. 138-9).

Medical records in the transcript confirm that Mr. Loveless underwent several surgeries from February to May, 2007, including for an incarcerated hernia, acute diverticulitis, and an intestinal abscess. (Tr. 162-77, 194-6). His treating surgeon, Dr. Donald E. Brown, indicated in a May 25, 2007 office note that Mr. Loveless was doing well and could return to work on June 1, 2007 without restrictions. (Tr. 207). However, Mr. Loveless developed a ventral hernia at the site of his previous ileostomy, requiring another surgical repair, and Dr. Brown opined on June 25, 2007 that he was temporarily disabled and "I expect this to be the situation for the next year to eighteen months." (Tr. 110, 256). Dr. Brown performed another operation, excising a "large hernia sac the size of a baseball" on July 10, 2007. (Tr. 210, 212). On July 17, 2007, Dr. Brown noted the recent surgery and added that Mr. Loveless had another hernia remaining in his abdomen which needed to be addressed in the future, and he was considered to be temporarily disabled until January 1, 2008. (Tr. 235).

State agency physicians John Rawlings and Carlos X. Hernandez reviewed the evidence in August and October, 2007, and concluded that Mr. Loveless could perform medium level exertion (i.e., lifting 50 pounds occasionally and 25 pounds frequently) with no non-exertional restrictions. (Tr. 240-6, 248-54). Dr. Rawlings noted that Dr. Brown had opined that his patient was temporarily disabled but declined to give the statement weight because a disability opinion was "reserved to the Commissioner." (Tr. 245).

The final opinion from Dr. Brown available to the ALJ was an October 31, 2008 letter stating that Mr. Loveless had a large ventral hernia and his surgery was "being postponed until his disability determination is final." (Tr. 286).

After reviewing the evidence, the ALJ noted that Dr. Brown's initial indication that the plaintiff would be disabled for a year to eighteen months as of June, 2007 was superseded by his July 17, 2007 note that the plaintiff would be temporarily disabled only until January 1, 2008, which failed to establish a continuous twelve month period of disability as required by the regulations. (Tr. 13). He also felt that Dr. Brown's October 31, 2008 note indicating that surgery would be delayed pending a disability determination "certainly calls into question the severity and immediacy of the claimant's condition." (Tr. 13-14). The ALJ also considered the plaintiff's statements that he was not experiencing much pain except when lifting, and noted that he had not required any type of long-term medication. (Tr. 14). He

was also able to engage in most household chores and even throw horseshoes occasionally. (Id.). Therefore, in the absence of a treating physician opinion establishing a continuous twelve month period of disability, the ALJ considered the state agency findings that Mr. Loveless could perform medium level exertion, but decided to give him the benefit of the doubt and reduce his exertional capacity to light level, with appropriate postural limitations to accommodate his recurrent ventral hernias. (Id.).

The plaintiff makes several arguments on appeal, including the rather curious allegation that the ALJ did not properly consider all of the evidence regarding disabling pain. As previously noted, however, clear testimony of disabling pain did not exist in the present case nor was the plaintiff taking any pain medications apart from aspirin. Therefore, this argument is without merit.

The plaintiff argues that the ALJ did not properly consider his combination of impairments, but the only impairments alleged were ventral hernias. Therefore, this argument is without merit.

Finally, the plaintiff asserts that the evidence establishes that his restrictions would cause him to miss more than three days of work per month, and points to the VE's testimony that in such a case there would be no work available on a sustained basis. (Tr. 48). However, no medical source specifically stated that this limitation would apply for an indefinite period, and the ALJ's summary of the plaintiff's daily

activities was sufficient reason to reject his subjective allegations in the facts of the present case.

The plaintiff also submitted additional evidence to the Appeals Council, some of which duplicates exhibits already presented, and some of which represents treatment after the date of the ALJ's decision.  In order for newly submitted evidence to provide a basis for remand, it must be both new and material and good cause must be shown for failing to submit it earlier.  <u>Cotton v. Sullivan</u>, 2 F.3d 692, 695 (6th Cir. 1993).  In the present case, the plaintiff has not even suggested how the new evidence, which contains no specific functional restrictions, would change the outcome of the case, or have a bearing on his condition prior to the date of the administrative decision.  Accordingly, it does not provide a basis for remand.

The decision will be affirmed.

This the 27th day of October, 2010.

**Signed By:**

<u>G. Wix Unthank</u>

**United States Senior Judge**